**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone: 480-656-3919
Fax: 480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

**ATTORNEY FOR: DEFENDANT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>    v.<br><br>Joye Vaught,<br>    Defendant. | CR-2018-0422-SMB<br><br>**REPLY IN SUPPORT OF MOTION TO SEVER** |

NOW COMES the Defendant, Joye Vaught, by her counsel of record, Joy Bertrand, to submit her Reply in Support of Motion to Sever. As further grounds therefore, the Defendant submits the following:

**REPLY ARGUMENT**

Joye Vaught is a guppie in the massive Backpage net cast by the Government. According to the Government, she must go to trial and not be able to cross-examine her codefendants about any of their public statements. The Government also claims that she must be constrained from calling those same

codefendants at her own trial to show the jury her nominal role in the massive operation described in the current indictment.

This case is unusual in its disparity of the involvement of the codefendants, compared to Ms. Vaught; in Ms. Vaught's inability to cross examine her codefendants on the statements that the Government attributes to them in the Superseding Indictment; and in her dependence on her codefendants to exculpate her from the larger scheme.  As such, this case presents the "unusual circumstances,"[1] in which a joint trial will significantly prejudice Ms. Vaught.[2]

**I.     A Conspiracy Charge Does not Mandate Joinder – Under Either Rule 8 or Rule 14.**

The Government appears to argue that merely being charged with a violation of 18 U.S.C. 371 removes any possibility of a defendant's severance for trial.  Federal circuit courts have found joinder improper, even with conspiracy charges.  For example, in *United States v. Cobb*, for example, the Eleventh Circuit reversed a district court's denial of a motion to sever, in a case where, like the case at bar, the codefendants were charged with conspiracy and multiple, discrete acts of robbery.[3]

---

[1] *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978)
[2] *United States v. Hernandez*, 952 F.2d 1110, 1114 (9th Cir. 1991).
[3] 185 F.3d 1193, 1194 (11th Cir. 1999).

The Government cannot run from the big problem it created in its Superseding Indictment by including 49 counts of various money laundering, with which Ms. Vaught had no involvement.  Perhaps, if the Indictment only included the conspiracy count, Ms. Vaught would be stuck with her codefendants.  Here, where half of the indictment includes conduct that does not include her, is more akin to the facts in *Satterfield* than the Government would have the Court conclude – the Government cannot show the common nexus of plan and conduct between Ms. Vaught and her codefendants to support joinder at trial.  Ms. Vaught held no ownership stake in Backpage.  She was not involved in money laundering.  She established none of Backpage's operating procedures.

The Government also cannot fix the Rule 403 problem created by this joinder.  Just as Ms. Vaught will be stuck in the deluge of evidence surrounding 49 money laundering counts with which she was not involved, she also will be vulnerable to the evidence pertaining solely to Lacey and Larkin's history with backpage and their commentary, examples set forth in the next section, about backpage.com's role in the prostitution industry.  The risk of unfair prejudice and confusion, as to Ms. Vaught's role at backpage.com is palapale and unavoidable at a trial with her codefendants.

**II.     The Superseding Indictment Quotes Several Statements of Ms. Vaught's Codefendants that it Intends to Use at Trial, Requiring Severance Under *Bruton*.**

The Supervening Indictment, itself, cites the statements of Lacey and Larkin that it intends to use against them at trial.  The Government cannot be so obtuse as to not understand what codefendant statements it clearly will use at trial.

For example, the Superseding Indictment describes Lacey making an admission and "bragging" about Backpage's association with prostitution, quoting him as stating ,"Backpage is part of the solution. Eliminating adult advertising will in no way eliminate or even reduce the incidence of prostitution in this country. . . . For the first time, the oldest profession in the world has transparency, record keeping and safeguards."[1]  The following paragraph in the Superseding Indictment cites an alleged admission from codefendant Padilla.[2]

In another portion of the Superseding Indictment, the Government cites Larkin as stating, "Craigslist has folded . . . . it is possible that this will mean a deluge of adult content ads for backpage.com. . . We have with the Village Voice probably the longest run of adult content advertising in the US and it is, like it or not, in our DNA."[3]

---

[1] ECF Doc. 230 at 4.
[2] *Id.*, "Leaving notes. . . implying that we're aware of prostitution. . . is enough to lose your job over."
[3] *Id.* at 9.

These are three examples of dozens cited in the Superseding Indictment, not to mention contained in the congressional hearings and in the millions of pages of documents to which the Defendants still have limited access. Unless the Government is avowing to this Court that it intends to present no statements of Ms. Vaught's codefendants at a trial to which she is joined, the Government's claim that *Bruton* does not apply has no merit.

### III. The Sixth Amendment Requires Severance

Ms. Vaught was clear in her opening brief that she seeks to call her codefendants to testify about "her lack of involvement, for example, in any decision-making at Backpage, any structuring of Backpage's advertising, and any share of Backpage's profits." The Government offers no suggestion in its Response as to how Ms. Vaught can defend herself without this testimony. Rather, the Government insists that she can call Backpage employees to testify on her behalf. The employees best suited to give that testimony are the former owners of the company – Lacey and Larkin – and her former boss, Andrew Padilla. As long as Ms. Vaught continues to be tied to them at trial, her defense remains nearly impossible.

### CONCLUSION

For the foregoing reasons, the Defendant respectfully asks this Court to grant her Motion to Sever.

RESPECTFULLY SUBMITTED on December 24, 2019.

                                          <u>s/Joy Bertrand</u>
                                          Joy Bertrand
                                          Attorney for Defendant

# CERTIFICATE OF SERVICE

On December 23, 2019, I, Joy Bertrand, attorney for the Defendant, Joye Vaught, filed the Defendant's Motion to Sever with the Arizona District Court's electronic filing system. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon opposing counsel and codefendant counsel upon its submission to the Court.

Respectfully submitted this 23rd day of December, 2019.

                s/Joy Bertrand
                Joy Bertrand
                Attorney for Defendant