# Exhibit A

FILED

APR 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MICHAEL LACEY; JAMES LARKIN; SCOTT SPEAR; JOHN BRUNST; ANDREW PADILLA; JOYE VAUGHT, <br><br> _____ <br><br> MICHAEL LACEY; JAMES LARKIN; SCOTT SPEAR; JOHN BRUNST; ANDREW PADILLA; JOYE VAUGHT, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, PHOENIX, <br><br> Respondent, <br><br> UNITED STATES OF AMERICA, <br><br> Real Party in Interest. | No. 20-73408 <br><br> D.C. No. 2:18-cr-00422-SMB <br><br> MEMORANDUM[*] |

Petition for Writ of Mandamus

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 3, 2021[**]
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,[***] Senior District Judge.

Petitioners seek a writ of mandamus compelling The Honorable Susan M. Brnovich to recuse herself from the criminal prosecution of persons associated with a defunct website the government alleges was used as a forum for facilitating prostitution services. The basis for recusal is the activity and comments of the judge's spouse, the Arizona Attorney General (AG).

In their motion for recusal, Petitioners specifically referenced the following documents and statements attributed to the AG: (1) a Twitter "tweet" on August 19, 2020, describing a webinar scheduled for the following day; (2) a booklet published in June of 2018 discussing human trafficking, including via social media sites; and (3) a press release dated August 16, 2017, describing a letter sent by a coalition of Attorneys General urging Congress to amend the Communications Decency Act to eliminate immunity for websites promoting human trafficking, and

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

2

the referenced letter. Petitioners also mentioned the AG's "partnership" with anti-trafficking organizations.

The district court found that these matters did not warrant recusal. The district court deemed the motion untimely because it was filed more than 17 months after she was assigned to the case and after adverse rulings. Moreover, the identity of the judge's spouse, as well as the AG's statements, had long been matters of public record.

"Mandamus is a drastic and extraordinary remedy reserved only for really extraordinary causes." *In re Grice*, 974 F.3d 950, 954 (9th Cir. 2020) (internal quotation marks omitted). Petitioners must show that their right to mandamus is "clear and indisputable" and that the district court committed "clear error as a matter of law." *Id.*

As guidance in evaluating a petition for issuance of a writ of mandamus, we consider five factors: whether (1) Petitioners have "no other adequate means, such as a direct appeal, to attain the relief [they] desire[]"; (2) Petitioners "will be damaged or prejudiced in a way not correctable on appeal"; (3) the "district court's order is clearly erroneous as a matter of law"; (4) the "order is an oft-repeated error, or manifests a persistent disregard of the federal rules"; and (5) the "order

raises new and important problems, or issues of law of first impression." *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977).

"While all the [*Bauman*] factors need not be present to issue the writ[,] the absence of factor three—clear error as a matter of law—will always defeat a petition for mandamus." *In re Swift Transportation Co. Inc.*, 830 F.3d 913, 916 (9th Cir. 2016) (citation and alteration omitted). Petitioners' claim flounders on this factor because the district court committed no clear error.[1] *See id.*

**PETITION DENIED**.

---

[1] The district court also did not abuse its discretion in striking the declaration from a retired federal court judge who opined on the merits of recusal. *See Kaffaga v. Estate of Steinbeck*, 938 F.3d 1006, 1016 n.6 (9th Cir. 2019) (upholding exclusion of expert legal opinion).

4